IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 10 B 34144 |
| Roby Robinson | ) | Judge Hon. Schmetterer |
| | ) | CHAPTER 13 |
| | ) | |
| Roby Robinson | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 10 AP 01626 |
| Household Finance Corporation | ) | |
| Defendant. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.   The Parties**

1. The Plaintiff is Roby Robinson ("Plaintiff").

2. The Defendant is Household Finance Corporation ("Defendant").

**B.   Factual Background**

1. On or about July 30, 2010, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 509 Pulaski Road, Calumet City, IL 60409.

3. That BAC Home Loans Servicing holds a first mortgage lien on the real property commonly known as 509 Pulaski Road, Calumet City, IL 60409, with a secured claim of $106,715.00 pursuant to the Plaintiff's credit report.

4. The Defendant holds a second mortgage lien on the real property known as 509 Pulaski Road, Calumet City, IL 60409 in the approximate amount of $23,159.71 pursuant to claim 3-1, the proof of claim filed on September 22, 2010 by HFC.

5. That the Plaintiff obtained an appraisal of the property on July 23, 2010 indicating the value of 509 Pulaski Road, Calumet City, IL 60409 as $52,000.00.

6. The first mortgage lien of BAC Home Loans Servicing is a secured claim based on the mortgage recorded on September 9, 2005 as document number 0525241010 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Household Finance Corporation is a claim based on the mortgage recorded on September 9, 2005 as document number 0525241009 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $505.00 per month.

9. BAC Home Loans Servicing will be paid approximately $8,414.00 for the arrearage on the first mortgage on the real estate that is the subject of this proceeding.

10. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claim.

11. The Plaintiff filed a modified Chapter 13 Plan on May 14, 2010. Section G of the Plan provides in relevant part: The second mortgage lien of HFC USA on the residential property located at 509 Pulaski Road, Calumet City, IL 60409 has been stripped due to lack of equity in the subject real estate. The claim is wholly unsecured.

12. On August 9, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 509 Pulaski Road, Calumet City, IL 60409.

13. That on August 9, 2010, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 2700 Sanders Road, Prospect Heights, IL 60070, and P.O. Box 3425 Buffalo, NY 14240, and upon the registered agent at 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

14. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

15. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

16. No evidence has been presented to challenge the appraised value of $52,000.00.

17. The secured claim of Bank of America in the amount of $106,715.00 exhausts the value and equity in Plaintiff's residence.

18. There is no value and equity to support the claim of the Defendant.

## ~~PROPOSED~~ CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.     Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first BAC Home Loans Servicing secured claim in the amount of $106,715.00 and the second Household Finance Corporation claim in the amount of $23,159.00.

5. No proof of claim has been filed by BAC Home Loans Servicing. The balance on the first mortgage is $106,715.00, and is based on the figure reported to the major credit bureaus prior to the filing of the voluntary petition.

6. Household Finance Corporation has filed a claim for the second lien on Plaintiff's property for the amount of $23,159.00. The second claim of Household Finance Corporation is second in priority.

7. That value of Plaintiff's residence is $52,000.00.

8. As there is no value or equity to support the second priority lien of Household Finance Corporation, the second Household Finance Corporation claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan my value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Respectfully submitted,

/s/ Nicholas R. Perino
Attorney for the Debtor/Plaintiff
Robert J. Semrad & Associates
20 South Clark Street, 28th Floor
Chicago, Illinois 60603
(312) 913-0625

OCT 29 2010